IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KRISTOPHER WATFORD**                                           **PLAINTIFF**

**v.**                                                           **CIVIL NO. 1:20-cv-00037-HSO-RHWR**

**MICHAEL WARREN and**                                  **DEFENDANT**
**CITY OF BILOXI**

## REPORT AND RECOMMENDATION

BEFORE THE COURT for recommendation of dismissal is the Complaint filed *pro se* and *in forma pauperis* by Plaintiff Kristopher Watford. Watford's Complaint should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) due to Watford's failure to abide by Court Orders and prosecute his claims.

### I. BACKGROUND

Plaintiff was an inmate when he filed this suit but has since been released from custody. Change of Address [22], May 30, 2021. In their Motion for Summary Judgment [23] filed on May 5, 2021, Defendants Michael Warren, in his official and individual capacities, and the City of Biloxi, Mississippi, assert that Plaintiff's claims fail because Plaintiff has not identified a policy or practice adopted by Biloxi upon which a claim against Biloxi could rest, nor has Plaintiff alleged any facts from which deliberate indifference on the part of either Defendant could plausibly be inferred.

After Plaintiff did not file a timely response to Defendants' Motion for Summary Judgment, the Court entered an Order [26] on June 1, 2021, requiring Plaintiff to file a response to the Motion for Summary Judgment on or before June 23, 2021. The Order [26] was mailed to the last address provided by Plaintiff and has

not been returned as undeliverable. Plaintiff did not file a response.

On September 20, 2021, an Order [27] issued, allowing Plaintiff one final opportunity, until October 8, 2021, to comply with the Court's directive to file a response to Defendants' Motion for Summary Judgment. This Order [27] also required Plaintiff to separately file, by October 8, 2021, a response showing cause why this case should not be dismissed under Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to prosecute and obey the Court's Order June 1, 2021 Order [26]. The September 20, 2021, Order [27] was also mailed to the last address provided by Plaintiff and has not been returned as undeliverable. To date, Plaintiff has not responded to the Court's Orders [26] [27].

## II. DISCUSSION

Federal Rule of Civil Procedure 41 confers upon a district court the authority to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 70 U.S. 626, 630-31 (1962)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). A court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief in order to achieve the orderly and expeditious disposition of cases. *See Link*, 370 U.S. at 630-31.

Generally, dismissals under Rule 41(b) are permitted only when "(1) there is a

clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The docket amply demonstrates a clear record of delay and contumacious conduct by Plaintiff. Despite the Court's Orders on June 1, 2021 and September 20, 2021, requiring Plaintiff to file a response to Defendants' Motion for Summary Judgment, Plaintiff has made no contact with the Court and taken no action in this case. Plaintiff was routinely warned in numerous Orders that it was his responsibility to prosecute this case and that the case could be dismissed *sua sponte* by the Court for failure to prosecute or comply with a Court order. [4] at 2, [6] at 2, [7] at 3, [8] at 2, [10] at 2, [12] at 2, [26] at 1, [27] at 2.

The Court's June 1, 2021, Order [26] and September 20, 2021, Order [27] specifically required Plaintiff to file a response to Defendants' Motion for Summary Judgment [23]. The September 20, 2021 Order cautioned Plaintiff that if he failed to file a response to Defendants' Motion for Summary Judgment, the Court would presume that he had no further interest in pursuing this litigation. [27] at 1. This Order additionally warned Plaintiff that his failure to timely comply with the Court's Order to file a response to Defendants' Motion for Summary Judgment would be deemed a purposeful delay and contumacious act supporting dismissal. *Id.* at 3.

The Court's attempts to prompt diligent prosecution through lesser sanctions

3

than dismissal have proven to be futile. *See Tello v. Comm'r,* 410 F.3d 743, 744 (5th Cir. 2005). Plaintiff's Complaint should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to abide by Court Orders and prosecute his claims.

### III. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3)

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

4

**SIGNED**, this the 18th day of October, 2021.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE